226 P.3d 700 (2009)
2009 OK 96
STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
William P. WILLIS, Jr., Respondent.
No. SCBD-5543.
Supreme Court of Oklahoma.
December 15, 2009.
¶ 0 ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION WHILE UNDER SUSPENSION AND PENDING DISCIPLINARY PROCEEDINGS
¶ 1 Before this Court is the affidavit of the respondent, William P. Willis, Jr., filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2001, ch. 1, app. 1-A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law pending disciplinary proceedings. The OBA moves that this Court approval this resignation. The respondent acknowledges in his affidavit that he is currently suspended from practicing law for non-compliance with Rules 3-6 of the Rules for Mandatory Continuing Legal Education, 5 O.S.2001, ch. 1, app. 1-B, and 5 O.S.Supp.2008, ch. 1, app. 1-B, by order of this Court filed on June 29, 2009, SCBD # 5538.
¶ 2 The respondent was admitted to membership in the Oklahoma Bar Association on May 2, 1975. On August 17, 2009, he submitted his affidavit of resignation pending investigation of a disciplinary proceeding.
¶ 3 The Office of the General Counsel of the OBA, in DC 09-16, alleged that in or about August of 2008, the respondent misappropriated approximately fourteen thousand dollars ($14,000.00) in funds entrusted to him by his client, which were to have been held in his client trust account. The investigation included allegations that he converted that client's funds for his own personal benefit and that he also accepted, but failed to earn, a seven hundred fifty dollar ($750.00) retainer *701 fee from that client. Further allegations are that he failed to respond to and cooperate with the Office of the General Counsel during its investigation of this grievance. If proven, the allegations would constitute violations of Rules 1.3, and 5.2, RGDP, 5 O.S. 2001, ch. 1, app. 1-A, and Rules 1.15, 8.4(b) and 8.4(c) of the Oklahoma Rules of Professional Conduct (RPC), 5 O.S.Supp. 2008, ch. 1, app. 3-A.
¶ 4 The respondent acknowledges he is aware that the Office of the General Counsel is currently investigating DC 09-189, a grievance regarding criminal charges filed against him on December 3, 2008, in State of Oklahoma v. William P. Willis, Jr. (alias Bill Willis), Cherokee County District Court Case No. CM-2008-1680. The criminal charge alleges in Count I that he committed the offense of Obtaining Cash or Merchandise by Bogus Check/False Pretenses in violation of 21 O.S.2001, § 1541.1 on or about June 28, 2008. Count II alleges that he committed the offense of Postponement of Payment Due for Labor in violation of 21 O.S.2001, § 1627 on or about July 11, 2008. He acknowledged that he entered a plea of nolo contendre to both charges on June 24, 2009. On July 15, 2009, he received a one year deferred sentence, was placed on supervised probation, and ordered to make restitution of one thousand two hundred sixty-three dollars and twenty-eight cents ($1,263.28) to the District Attorney's Bogus Check Division, and additionally ordered to pay court costs, travel reimbursement, and any applicable fines. He is aware that these allegations, if proven, would constitute violations of Rule 1.3, RGDP, 5 O.S. 2001, ch. 1, app. 1-A, and Rules 8.4(b) and 8.4(c), RPC, 5 O.S.Supp. 2008, ch.1, app. 3-A.
¶ 5 The respondent's affidavit regarding his resignation pending disciplinary proceedings states:
a. His resignation is freely and voluntarily given without coercion or duress, and he is aware of the consequences of submitting his resignation;
b. He is aware of the grievances, DC 09-16 and DC 09-189, filed against him, that the OBA has the burden of proving the allegations against him, and that approval of his resignation is discretionary with this Court;
c. He is familiar with and agrees to comply with Rule 9.1 of the RGDP and acknowledges and agrees, as a prerequisite to reinstatement, to comply with Rule 11 of the RGDP and that he will make no application for reinstatement prior to the expiration of five (5) years from the effective date of the order approving this Resignation Pending Disciplinary Proceedings;
d. He acknowledges that the Client Security Fund may receive claims from his former clients and agrees to reimburse the Fund the principal amounts and statutory interest for claims which it approves and pays as a prerequisite to his reinstatement to the practice of law;
e. He acknowledges that the OBA has incurred costs in the investigation of the disciplinary proceeding against him but that the OBA will recommend that the imposition of costs against him be waived; and
f. He has surrendered his OBA membership card to the Office of the General Counsel.
¶ 6 Pursuant to Rules 8.1 and 8.2 of the RGDP, this Court finds:
a. The respondent's resignation from the OBA is freely and voluntarily tendered without coercion or duress, and he is fully aware of the consequences of submitting his resignation;
b. The respondent is subject to discipline by this Court under Rule 6 of the RGDP and has knowingly waived his right to appear before this Court to show cause why he should not be disciplined;
c. The respondent's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1 of the RGDP and should be accepted;
d. The OBA has not sought payment of the costs incurred in the investigation of this matter; and
e. The respondent's OBA number is 9708 and his official roster address, as shown by OBA records, is William P. Willis, Jr., 400 S. Muskogee Avenue, Tahlequah, Oklahoma 74464.
*702 ¶ 7 IT IS THEREFORE ORDERED that the OBA's application is approved and the respondent's resignation is accepted and effective upon the filing of this order in the Office of the Clerk of the Appellate Courts.
¶ 8 IT IS FURTHER ORDERED that the respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of this order. See RGDP, Rules 8.2 and 11.1.
¶ 9 IT IS FURTHER ORDERED that the respondent shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel by certified mail within twenty days pursuant to Rule 9.1 of the RGDP. The respondent is also ordered to return all client files and refund unearned fees. As a condition of reinstatement, the respondent shall reimburse the Client Security Fund for any monies expended because of his malfeasance or nonfeasance. See RGDP, Rule 11.1(b).
¶ 10 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 14th day of DECEMBER, 2009.
/s/ J.E. EDMONDSON, Chief Justice.
ALL JUSTICES CONCUR.